W. C. Smith v. Commissioner.
W. Smith v. Commissioner
Docket No. 19044.
United States Tax Court
1949 Tax Ct. Memo LEXIS 26; 8 T.C.M. (CCH) 1041; T.C.M. (RIA) 49282; November 30, 1949
*26 On the facts, held, that the fair market value of residential property which petitioner owned in Shaker Heights, a suburb of Cleveland, Ohio, at the time when he rented it to a tenant on October 2, 1941, after having at a date prior thereto abandoned its use as a private residence, was $27,500. This fair market value with appropriate adjustments for depreciation on the improvements from October 2, 1941, should be used as a basis in determining petitioner's loss on the sale of the property in 1942 for $20,000. Kent H. Meyers, Esq., and Bert D. Bradley, Esq., for the petitioner. William R. Bagby, Esq., for the respondent. BLACK Memorandum Findings of Fact and Opinion The Commissioner has determined deficiencies in petitioner's income tax of $854.91 for the year 1943 and $147.86 for the year 1944. The year 1942 is involved because of the provisions of the Current Tax Payment Act of 1943. Some of the adjustments which the Commissioner made in his determination of the deficiencies are not contested. Petitioner in his petition alleges that the Commissioner in his determination of the deficiencies committed the following errors: (a) Refusal to allow loss on sale of Shaker Boulevard property *27 in the sum of Twenty-Two Thousand Nine Hundred and Ninety Dollars, $22,990.00) in the calendar year 1942. (b) Refusal to allow expense of sale of Shaker Boulevard property in the sum of One Thousand Four Dollars ($1,004.00) in computing the loss on sale of said property in the calendar year 1942. (c) Refusal to remove from interest income in the calendar year 1943 the sum of One Thousand One Hundred Fifty-Five Dollars ($1,155.00), which interest was not received by this petitioner. (d) Refusal to allow claim filed on Form 843 for refund of income taxes of Three Thousand Five Hundred Eighty-Nine and 97/100 Dollars ($3,589.97) for the calendar year 1942. (e) Refusal to allow claim filed on Form 843 for refund of income taxes of Three Thousand Five Hundred Eighty-Nine and 97/100 Dollars ($3,589.97) for the calendar year 1943. At the hearing it was stipulated that the petitioner did incur a selling expense in 1942 of $1,004 in the sale of the Shaker Boulevard property and that this selling expense should be taken into consideration in a computation under Rule 50 in determining the amount of petitioner's loss, if any, on the sale in 1942 of the Shaker Boulevard property. It was also agreed *28 by the parties at the hearing that the Commissioner was correct in adding to petitioner's net income for the year 1943 the interest item of $1,155. Therefore, assignments of error (b) and (c) are no longer at issue. No issues were raised for the year 1944. The only issue left for our determination is the amount of petitioner's loss, if any, from the sale of his Shaker Boulevard property in 1942. The amount of this loss will determine what, if any, refund petitioner is entitled to receive as alleged in his assignments of error (d) and (e). Findings of Fact Petitioner is an individual who, during the taxable years 1942 and 1943, was a resident of Novelty, Ohio. His returns for the years 1942 and 1943 were filed with the collector of Internal Revenue for the 18th District of Ohio and reported net income of $45,694.79 and $62,382.17, respectively. On March 23, 1945, petitioner filed an amended return and a $3,589.97 refund claim for each of the years 1942 and 1943, claiming in his 1942 amended return a loss of $22,990 from the sale of residential property in Shaker Heights, Ohio. No such loss was claimed by petitioner in his original 1942 return. In 1922, petitioner completed the construction *29 of his personal residence located at 19271 Shaker Boulevard, Shaker Heights, Ohio, a suburb of Cleveland, Ohio, at a cost of $22,000. Since he paid $7,000 for the lot, the total original cost of this property herein involved was $29,000. Several years later he spent $4,500 for other improvements, and $2,600 for replacement of his driveway, fence, and heating system, making a total cost of the property, including the cost of the lot, of $36,100. Petitioner lived in this property throughout the period after its construction until April 1939, when he left Shaker Heights, Ohio, and moved his residence to Novelty, Ohio. At that time he listed the property herein involved with one real estate broker for rent or sale and with another broker for sale. After he moved, the property remained vacant and no tenant or purchaser was found until the property was leased by one Homer R. Rosenberry on October 2, 1941, at an annual rental of $1,800. This lease contained a provision whereby petitioner agreed to sell the property to Rosenberry for $20,000, provided the option was accepted within a certain specified time. The option continued until October 8, 1942, on which date Rosenberry accepted, the *30 sale was consummated, and a deed for the property was executed by the petitioner and delivered to Rosenberry. The total consideration paid by Rosenberry was $20,000, and he was credited with the $1,800 in rent which he had paid during the preceding year under the leaseoption. On March 27, 1945, Rosenberry sold this property to Dr. and Mrs. Peter N. Knulsi for a total consideration of $22,500. The property here involved was not converted to business property and had not become a transaction entered into for profit at any time prior to the time it was leased on October 2, 1941. The fair market value of this Shaker Boulevard residential property on October 2, 1941, was $27,500, of which $7,00 should be allocated to the lot and $20,500 to the improvements. Petitioner expended $1,004 as a selling cost during 1942 in connection with the sale of the property involved herein. In his 1942 income tax return, petitioner included interest income of $1,155. Petitioner was on the cash basis and did not receive this income in 1942 but received it in 1943. Therefore, the respondent in his determination correctly removed it from petitioner's 1942 income and included it as a part of petitioner's 1943 *31 income. Opinion BLACK, Judge: All issues raised by the petition have been settled by agreement between the parties, except the amount of petitioner's loss on the sale of property in 1942 located in Shaker Heights on Shaker Boulevard, a suburb of the City of Cleveland, Ohio, and the amount of refund, if any, to which petitioner is entitled by reason of his loss in said sale. Petitioner claims that he suffered a loss of $22,990 on the sale of this property. Respondent in his determination of the deficiencies has allowed petitioner a loss of $1,290 on the sale of this property and contends that petitioner is not entitled to any greater loss than he has already allowed. The evidence shows that the property in question cost petitioner, including the lot and the cost of subsequent improvements, $36,100 and we have so found in our findings of fact. However, since the property was for a good many years used as petitioner's private residence, he is not entitled to take his loss, if any, upon the basis of cost but must use as a basis the fair market value of the property at the time it was converted to business use. ; . *32 We think in the instant case that the time when petitioner converted his private residence to business use was when he rented it to Rosenberry on October 2, 1941, for $1,800 per annum. Cf. . The applicable statute and regulations are in the margin. [1] *33 After carefully considering all the evidence we have found that this Shaker Boulevard property had a fair market value of $27,500 on October 2, 1941, when it was rented by petitioner to Rosenberry. Of this value, $7,000 is attributable to the land and $20,500 to the improvements. Petitioner introduced the testimony of two expert witnesses, real estate men, who were engaged in the real estate business in that vicinity. One of them testified that the property had a fair market value on the basic date of $35,000; the other one testified that the property had a fair market value on the basic date of $37,500. Respondent *34 also introduced the testimony of two expert witnesses. One of them was a revenue agent (engineer) out of the Cleveland office who had had considerable experience in valuation work. He testified that in his opinion the property had a fair market value on the basic date of not more than $20,000. Respondent's other expert witness was also an engineer revenue agent with the Internal Revenue Bureau. He had had considerable experience in the valuation of property generally but had not had much experience in the valuation of residential property. He testified that in his opinion the property had a fair market value on the basic date of not more than $19,750. In addition to the testimony of these several expert witnesses, which it can be seen from the above statement were at considerable variance with each other, there was other testimony bearing upon the fair market value of the property, such as its desirable location, the well landscapped lot, the type of construction of the building and things of that sort which are relevant factors in the determination of the fair market value of residential property. There was also testimony as to the assessed value of the property by Cuyahoga County, *35 Ohio, from the year 1934 down to and including the year 1946. This assessed value showed the value of the land separately from the improvements. There was also testimony as to the dullness of the real estate market as it concerned the sale of residential property in Shaker Heights, both at the time the property herein was rented to Rosenberry in October 1941, and at the time it was sold to him in October 1942. Apparently there was very little difference in the activity of the real estate market in Shaker Heights between the two dates. In the determination of petitioner's loss on the sale of the Shaker Boulevard property, there should be an appropriate adjustment for depreciation of the improvements between the date of the rental of the property on October 2, 1941, to the date of its sale on October 8, 1942. We do not understand that there is any controversy between the parties as to the proper rate of depreciation to be used on these improvements and, therefore, there is nothing for us to decide as to the rate of depreciation. Decision will be entered under Rule 50. Footnotes
1. INTERNAL REVENUE CODE SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: * * *
(e) Losses by Individuals. - In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise - * * *
(2) If incurred in any transaction entered into for profit, though not connected with the trade or business; * * * REGULATIONS 111 Sec. 29.23 (e)-1. Losses by Individuals. - Losses sustained by individual citizens or residents of the United States and not compensated for by insurance or otherwise are fully deductible if * * * or (d) if not prohibited or limited by any of the following sections of the Internal Revenue Code: Sections 23 (g) and 117 relating to capital losses; * * *
A loss on the sale of residential property purchased or constructed by the taxpayer for use as his personal residence and so used by him up to the time of the sale is not deductible. If, however, property so purchased or constructed is prior to its sale rented or otherwise appropriated to income-producing purposes and is used for such purposes up to the time of its sale, a loss from the sale of the property, computed as provided in section 111, is, subject to the limitations provided in section 117, an allowable deduction in an amount not to exceed the excess of the value of the property at the time it was appropriated to income-producing purposes (with proper adjustment for depreciation) over the amount realized from the sale.